# EXHIBIT "B"

## Complaint

Complaint

# EXHIBIT "B"

Electronically Filed
9/14/2021 1:32 PM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
GABROY LAW OFFICES
Christian Gabroy, Esq. (#8805)
Kaine Messer, Esq. (#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel    (702) 259-7777
Fax   (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff*

CASE NO: A-21-840995-C
Department 14

### EIGHTH JUDICIAL DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| DAWN YOSEF, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>VIRTUAL GUARD, INC.;<br>EMPLOYEE(S)/AGENT(S) DOES I-X;<br>and ROE CORPORATIONS XI-XX,<br>inclusive,<br><br>Defendants. | Case No.<br>Dept.:<br><br>**COMPLAINT WITH JURY DEMAND** |

### COMPLAINT

COMES NOW Plaintiff Dawn Yosef ("Plaintiff" or "Yosef") by and through her attorneys, Christian Gabroy, Esq. and Kaine Messer, Esq. of Gabroy Law Offices, and hereby complains against Virtual Guard, Inc. ("Defendant" or "VG") as follows:

### VENUE AND JURISDICTION

1.     This is a civil action for damages under state law prohibiting unlawful employment actions and to secure the protection of and to redress deprivation of rights under these laws.

2.     This Court has jurisdiction based upon 42 U.S.C. §2000e, *et seq.*, 29 U.S.C. 623 *et seq.*, and Nevada state law.

3.     Jurisdiction and venue are also based on Plaintiff's claims under Nevada state and common law.

4.     All alleged unlawful employment actions occurred in this judicial district.

5. Plaintiff demands a jury trial on all issues triable by jury herein.

## PROCEDURAL REQUIREMENTS

6. Plaintiff has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit.

7. On or about March 24, 2021, Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). A true and correct copy of Plaintiff's charge of discrimination is attached hereto as Exhibit I. Such allegations of Exhibit I are hereby incorporated herein this Complaint.

8. On or about August 12, 2021, the EEOC issued Plaintiff a Notice of Right to Sue. *See* a true and correct copy of Plaintiff's right to sue attached hereto as Exhibit II.

## THE PARTIES

9. Plaintiff, at all times relevant, is an individual residing in the state of Nevada.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant, Virtual Guard, Inc. is a foreign corporation registered with the Nevada Secretary of State.

11. At all times relevant, Defendant was Plaintiff's employer.

12. At all times relevant, Defendant was Plaintiff's employer as that term is defined in NRS § 613.310.

13. At all times relevant, Defendant was Plaintiff's employer as that term is defined in 42 U.S.C. §2000e.

14. At all times relevant, Plaintiff was an employee of Defendant as that term is defined in 42 U.S.C. §2000e.

15. At all times relevant, Defendant was Plaintiff's employer as that term is defined in 29 U.S.C § 630.

16. At all times relevant, Plaintiff was an employee of Defendant as that term is defined in 29 U.S.C § 630.

17. At all times relevant, Defendant had custody and/or control over Plaintiff

and her employment and was responsible for Plaintiff's labor and employment matters.

18. Based on information and belief, at all relevant times, Defendants were the partners, joint ventures, agents, co-conspirators, servants, and employees of each of the other Defendants herein, and were acting at all relevant times within the scope, purpose and authority of said partnership, joint venture, agency, service, employment, and conspiracy, and with the knowledge, consent, permission, acquiescence, and ratification of their co-defendants.

19. DOE DEFENDANTS I-X, inclusive, are persons and ROE DEFENDANTS XI-XX, inclusive, are corporations or business entities (collectively referred to as "DOE/ROE DEFENDANTS"), whose true identities are unknown to Plaintiff at this time. These DOE/ROE DEFENDANTS may be parent companies, subsidiary companies, owners, predecessor or successor entities, or business advisors, de facto partners, Plaintiff's employer, those holding control over Plaintiff's employment, those allegedly responsible for the allegations contained herein, or joint venturers of Defendant. Individual DOE DEFENDANTS are persons acting on behalf of or at the direction of any Defendant or who may be officers, employees, or agents of Defendant and/or a ROE CORPORATION or a related business entity. These DOE/ROE DEFENDANTS were Plaintiff's employer(s) and/or individuals and are liable for Plaintiff's damages alleged herein for their unlawful employment actions/omissions. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE/ROE DEFENDANTS are revealed to Plaintiff.

## FACTUAL ALLEGATIONS

20. On or around October 9th, 2020 Defendant hired Yosef.

21. Defendant employed Yosef as a receptionist/runner.

22. Yosef was approximately 62 at the time she was hired by the Defendant.

23. Defendant complimented Yosef on her customer service skills.

24. Defendant requested Yosef to take on accounting duties following the termination of Defendant's accountant.

25. Plaintiff informed Defendant that Yosef did not have the experience or training for accounting duties.

26. Yosef agreed to do the accounting on Defendant's reassurance that Yosef was capable of the tasks.

27. However, Defendant did not train Yosef on the Sedona Program for the accounting position.

28. Upon learning that Yosef did not know how to use the Sedona program, Defendant told Plaintiff that Yosef was too old to learn a new program.

29. Yosef told Defendant that she was willing to learn the Sedona program and/or any other necessary programs.

30. Defendant stated to Yosef that Defendant believed they should have hired someone in their twenties.

31. Defendant, through its agent, informed Yosef that "me and you are too old to learn a new software."

32. Defendant further represented to Plaintiff that "no one gets trained at Virtual Guard."

33. Upon information and belief, Yosef's superiors did not receive adequate training from Defendant regarding Defendant's workplace discrimination and harassment obligations under our law.

34. Upon information and belief, Defendant's management and/or personnel did not receive adequate instruction regarding unlawful practices towards its employees.

**FIRST CLAIM FOR RELIEF**
**AGE DISCRIMINATION/HARASSMENT**
**29 U.S.C. § 623 et seq. / NRS 613.330**

35. Plaintiff realleges and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

36. At the time of her termination, Plaintiff was over forty years old and therefore a member of a protected class.

37. At all times relevant, Plaintiff was qualified to be retained.

38. Defendant, by and through one or more of its agents and/or employees acting within the course of employment, subjected Plaintiff to discrimination because of Plaintiff's age.

39. Plaintiff was discriminated against by Defendant, by and through one or more of its agents and/or employees acting within the course of employment, by terminating Plaintiff because of her age.

40. Defendant willfully engaged in discriminatory practices because of Plaintiff's age with malice or reckless indifference to Plaintiff's federally- and state-protected rights.

41. This discriminatory conduct was sufficiently severe or pervasive as to deprive Plaintiff of employment opportunities in violation of 29 U.S.C. § 623 and/or NRS 613.330.

42. As a direct and proximate result of Defendant's violation of the Age Discrimination in Employment Act (the "ADEA") and/or NRS 613.330, Plaintiff has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

43. As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

44. The conduct of Defendant has been malicious, fraudulent or oppressive and was designed to vex, annoy, harass, or humiliate Plaintiff and thus Plaintiff is entitled to punitive damages, if appropriate, against the Defendant.

## SECOND CLAIM FOR RELIEF
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

45. Plaintiff realleges and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

46. Defendant had a duty to exercise reasonable care to protect Plaintiff from

1 negligent and/or careless actions of their own agents, officers, employees, and others.

2   47.   Defendant owed a duty to Plaintiff to not hire individuals with a propensity towards committing unlawful acts against Plaintiff.

4   48.   Defendant owed a duty to Plaintiff to adequately train and supervise their employees in regards to all correct policies and procedures relating to termination policies and procedures.

7   49.   In addition, Defendant had a duty not to hire individuals with a propensity towards committing unlawful acts against Plaintiff, and to adequately train and supervise their employees in regards to all correct policies and procedures in regard to lawful termination policies and procedures.

11   50.   As stated herein, upon information and belief, Defendant failed to adequately and reasonably train and supervise its personnel regarding Title VII and the ADEA. Such failure to train its employees/agents in discrimination, resulted in Plaintiff being wrongfully terminated

15   51.   Upon information and belief, such employees/agents participated in Defendant's decision to terminate Yosef for such unlawful reasons as stated herein.

17   52.   As Defendant's personnel were not adequately trained in Title VII and/or the ADEA. Defendant knew and/or should have known that its employees had a propensity towards committing unlawful acts.

20   53.   Specifically, Defendant knew or should have known that its management and/or human resources personnel were not adequately knowledgeable, trained, qualified, and/or competent regarding Defendant's workplace obligations toward employees and that as such Plaintiff's rights would be violated should a scenario concerning Defendant's workplace obligations toward Plaintiff arise.

25   54.   Appropriate retention, training, supervision, and hiring of employees and/or agents, including reasonable training and instruction, would have foreseeably resulted in Plaintiff not being unlawfully terminated.

28   55.   Upon information and belief, Defendant's agents and/or employees were

not adequately trained and/or supervised which resulted in such unlawful actions including but not limited to Plaintiff's termination.

56. Upon information and belief, such agents and/or employees, were directly involved in Defendant's decision to terminate Plaintiff.

57. Defendant breached their duty to protect Plaintiff by failing to properly hire, train, and/or supervise their employees, whereby a reasonable person could have foreseen the injuries of the type Plaintiff suffered would likely occur under the circumstances.

58. Defendant's negligent supervision of its employee and/or agents, resulted in Defendant reasonable failing to anticipate its agents/employees' misconduct in terminating Plaintiff in violation of our law.

59. As a direct and proximate cause of the foregoing conduct, Plaintiff suffered harm including loss of income and benefits, severe emotional distress including but not limited to great mental and emotional harm, anguish, anxiety, insecurity, damage to self-esteem and self-worth, shame and humiliation, lack of appetite, and loss of sleep and/or anxiety. As a result of Plaintiff's termination, Plaintiff was damaged herein under this cause of action.

60. Plaintiff has been forced to retain the services of an attorney to represent her in this action and, as such, in entitled to reimbursement for reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

1. For general damages in excess of $15,000.00;
2. For special damages;
3. For consequential damages;
4. For punitive damages; and

///

5. For such other and further relief as the Honorable Court may deem just and proper.

DATED this 14th day of September 2021.

GABROY LAW OFFICES

By _____
Christian Gabroy, Esq. (#8805)
Kaine Messer, Esq. (#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson Nevada 89012
Tel   (702) 259-7777
Fax   (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff*

# EXHIBIT I

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 846-2021-10285 |

Nevada Equal Rights Commission _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Dawn Yosef | | 1958 |

Street Address | City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| VIRTUAL GUARD | 101 - 200 | (323) 877-2236 |

Street Address | City, State and ZIP Code
375 N. Stephanie St. Bldg.19, Henderson, NV 89014

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10-19-2020   Latest: 01-20-2021
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about October 09, 2020, I was hired by Virtual Guard in the position of Receptionist/Runner. My last position held was Receptionist/Runner. In or around December 2020, I was asked by the Owner, Steve Dvir to start working on Accounts Receivable due to Mr. Dvir terminating the accounts Receivable employee. I informed Mr. Dvir that I am not an accountant but attempted to assist in that department. On or about January 20, 2021, Mr. Dvir called me into the office and informed me that I was being terminated due to being too old to learn the Sedona program. Mr. Dvir gave me three options to chose from, to which I chose option three, which was to constructively discharge myself effective January 20, 2021.

I believe I have been discriminated against based on my Age (Over the Age of 40), in violation of the Age Discrimination in Employment Act of 1967, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY -- When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Yosef 00046

# EXHIBIT II

| EEOC Form 161-B (11/2020) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
|---|---|

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Dawn Yosef
3001 W Warm Spring Rd
Unit 429
Henderson, NV 89014

From: Las Vegas Local Office
333 Las Vegas Blvd South
Suite 5560
Las Vegas, NV 89101

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2021-10285 | Brian Gorecki, Intake Supervisor | (702) 553-4465 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Michael Mendoza
Digitally signed by Michael Mendoza
Date: 2021.08.12 10:06:53 -07'00'

Enclosures(s)

Michael L. Mendoza,
Local Office Director

*(Date Issued)*

cc: Owen Dvir
VP, Marketing & Sales
VIRTUAL GUARD
375 N. Stephanie St. Bldg.19
Henderson, NV 89014

Dominique Bosa-Edwards, Esq.
GABROY LAW OFFICES
170 S. Greeen Valley Pkwy. Ste. 280
Henderson, NV 89012